**Robert W. TUSZKIEWICZ, Plaintiff,**

v.

**ALLEN-BRADLEY COMPANY, INC., Defendant.**

**No. 96–C–110.**

United States District Court, E.D. Wisconsin.

May 15, 1997.

---

Alan C. Olson, Alan C. Olson & Associates, New Berlin, WI, for Plaintiff.

Robert H. Duffy, Pamela M. Ploor, Quarles & Brady, Milwaukee, WI, for Defendant.

## DECISION AND ORDER

GORDON, District Judge.

In a decision and order dated March 31, 1997, I ordered the defendant, Allen–Bradley Company, Inc. ["Allen–Bradley"], to pay the plaintiff his reasonable expenses, including attorneys' fees, for the plaintiff's having been obliged to bring a motion to compel. The underlying question in that motion was whether a deponent, Bruce Krenzke, who is an employee of Allen–Bradley, was able to assert an attorney-client privilege for his previous conversations with Pamela Ploor, one of the defendant's attorneys.

Although I ultimately ruled that an attorney-client privilege did exist, I also found that Ms. Ploor should have answered the plaintiff's foundational questions regarding the claimed privilege at the deposition, rather than in her response to the plaintiff's subsequent motion to compel. Had Ms. Ploor explained the factual predicates for her claim of privilege, as Mr. Olson requested, it is highly unlikely that the plaintiff would have filed the motion to compel. Under the circumstances I concluded that the defendant's conduct provoked the need for the motion, and thus the defendant should be obliged to pay the plaintiff's expenses in bringing the motion. Such an order is appropriate pursuant to Rule 37(a)(4)(A), Federal Rules of Civil Procedure, which provides for the payment of reasonable expenses when "the disclosure or requested discovery is provided after the motion was filed."

The parties disagree on the amount of expenses that is reasonable. On April 3, 1997, one of the plaintiff's attorneys, Alan Olson, submitted a petition for attorneys' fees in the amount of $3,937.50. His accompanying affidavit states that he bills his legal services at $150 an hour, "a typical rate charged by a partner of an employment law firm in this geographic locale." He also attaches a client billing worksheet, which lists the time spent on each task that he believes is relevant to this motion. Ms. Ploor re-

sponded to Mr. Olson's petition on April 10, arguing that Mr. Olson's hourly rate was too high and that the hours worked on the motion to compel were excessive.

In determining the reasonableness of an attorney's requested rate, his standard rate, or the rate that he would earn from other paying clients, is the "best measure." *Gusman v. Unisys Corp.*, 986 F.2d 1146, 1150 (7th Cir.1993); *EEOC v. Accurate Mechanical Contractors, Inc.*, 863 F.Supp. 828, 834 (E.D.Wis.1994) (Gordon, J.). This amount, however, must be capped "at the prevailing market rate *for lawyers engaged in the type of litigation in which the fee is being sought.*" *Cooper v. Casey*, 97 F.3d 914, 920 (7th Cir.1996) (emphasis in original). Hourly rates awarded in similar cases may help the court determine the prevailing market rate. *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1312 (7th Cir.1996).

Mr. Olson has failed to provide the court with much information about how much he typically earns from other clients or his level of familiarity with employment law, both of which would help me to assess a reasonable hourly rate. The defendant, though, offers very little evidence to support its assertion that "Mr. Olson has neither the breadth of experience nor the expertise" of the attorneys in *Accurate Mechanical*, 863 F.Supp. at 834, in which I found that an hourly rate of $160 was reasonable. The defendant does submit an affidavit signed by Ms. Ploor stating that she called the state bar association, which informed her that Mr. Olson was graduated from law school and earned his Wisconsin bar admission in 1989. Mr. Olson's legal stationery shows that the name of his law firm is Alan C. Olson & Associates, S.C. and that he purports to handle "Employment Law."

In an analogous 1994 case, also involving reasonable attorneys' fees for a motion to compel, I found that the rate of $160 an hour was reasonable for three attorneys. *Accurate Mechanical*, 863 F.Supp. at 834. The first lawyer had extensive employment law experience and had been practicing in Wisconsin for nearly 20 years. The second lawyer had been practicing law for approximately thirteen years, nine of which were devoted exclusively to employment discrimination law. The last attorney had also been practicing for approximately thirteen years, but only three years in employment law. *Accurate Mechanical*, 863 F.Supp. at 834; *see also Merrifield v. Beaven/Inter–American Cos.*, 1991 WL 171376, at *6 (N.D.Ill. Aug.30, 1991) (finding, in awarding fees for a motion to compel in an employment discrimination case, that hourly rates of $135 for an associate and $175 for a partner are reasonable). Based on the foregoing, I find that an hourly rate of $150 for an attorney with Mr. Olson's experience is not excessive.

The next question is whether the number of hours that Mr. Olson spent on preparing his motion to compel and in replying to the defendant's response is reasonable. The client billing worksheet attached to Mr. Olson's affidavit shows that he spent one hour reviewing the Mr. Krentze's deposition transcript, over eleven hours researching and writing his four page brief and affidavit in support of the motion to compel, almost four hours reading the defendant's response and researching the cases cited in the response, and over three hours writing his three page reply brief. This does appear to be an excessive amount of time to spend on a motion that lacked highly complex issues or facts. I will therefore reduce the time that Mr. Olson spent on his original motion to four hours, the time he spent on reading and researching the defendant's response to one hour, and the time he spent on writing the reply to an hour and a half. I will allow him to seek fees for the hour that he spent reviewing Mr. Krentze's deposition transcript. This result seems especially reasonable given that once the defendant responded to his motion, Mr. Olson had the answers to the foundational questions that he originally asked, to no avail, at Mr. Krentze's deposition.

There still remains the question of whether Mr. Olson can seek fees for the remainder of the 26.25 total hours cited on his client billing worksheet. Included in these hours is the time spent discussing the defendant's assertion of the attorney client privilege with opposing counsel, researching the scope of the privilege prior to Mr. Krentze's deposition, asking Mr. Krentze the foundation questions, conducting a conference with opposing counsel, reviewing the court's order regarding the

motion to compel, and preparing the fees petition.

Rule 37(a)(4)(A) allows the party who brought to motion to compel to recover the expenses "incurred in making the motion." Because Mr. Olson had to bring the motion only after Ms. Ploor refused to answer the foundational questions at the deposition, he should not be able to recover his fees for his pre-deposition discussion with Ms. Ploor, for his pre-deposition research, or for his actually asking Mr. Krentze the foundation question. Following that reasoning, however, Mr. Olson should be able to recover for his conference with Ms. Ploor during the deposition, for his reviewing of the court's order, and for his preparation of the petition, which total 2.75 hours.

The plaintiff will therefore be able to recover for 10.25 hours for his having to bring the motion to compel. The defendant will be ordered to pay $1537.50.

Therefore, IT IS ORDERED that the defendant be and hereby is directed to pay $1537.50 in attorneys fees and costs to the plaintiff, pursuant to Rule 37(a)(4)(A).